**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suzanne McKnight, | No. CV-08-1343-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Kaufman, III; The Public Restroom Company, | |
| Defendants. | |

The court has before it defendants' motion to dismiss (doc. 3), plaintiff's response (doc. 18), and defendants' reply (doc. 19). We also have before us plaintiff's second motion to extend time to respond to defendants' motion to dismiss (doc. 14) and defendants' response (doc. 16).[1]

Defendant The Public Restroom Company ("TPRC") filed a lawsuit against McKnight in Nevada state court. On July 8, 2004, the parties entered into a settlement agreement, pursuant to which TPRC and defendant Charles Kaufman agreed to pay McKnight approximately $143,000, and McKnight agreed to transfer her TPRC stock to defendants.

---

[1] Although plaintiff has been largely dilatory in responding to the motion to dismiss, we nevertheless grant her second motion to extend the time to respond *nunc pro tunc* (doc. 14) and accept the late-filed response in order to decide the issues on their merits.

1   On August 7, 2008, after satisfying what it considered to be its final payment obligation
2   under the settlement agreement, TPRC filed a motion in Nevada state court seeking to
3   compel McKnight to execute a UCC-3 termination statement. McKnight responded that she
4   was still owed accrued interest in the amount of $80,000. Response, exhibit 1, ¶ 4. On
5   October 20, 2008, the Nevada state court issued a ruling rejecting McKnight's claim, but
6   concluding that TPRC owes McKnight an additional $1,106.64, plus interest, and ordering
7   McKnight to file the UCC-3 termination statement within 20 days of this final payment.
8   Response, exhibit 4, at 2.

9   On July 22, 2008, McKnight filed this action in federal court, alleging that the
10  defendants breached the terms of the settlement agreement, that she is owed an additional
11  $80,000 in accrued interest, and that because the agreement is now a "nullity," she is entitled
12  to return of the TPRC stock. Complaint ¶ 10; Response at 2; McKnight affidavit ¶ 3.
13  Defendants move to dismiss for lack of subject matter jurisdiction, lack of personal
14  jurisdiction, and improper venue. We conclude that we are without subject matter
15  jurisdiction because McKnight has failed to establish that the amount in controversy exceeds
16  the jurisdictional minimum.

17  Federal courts are courts of limited jurisdiction, possessing only that power authorized
18  by the Constitution and statute. "It is to be presumed that a cause lies outside this limited
19  jurisdiction, and the burden of establishing the contrary rests upon the party asserting
20  jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675
21  (1994). In order to invoke federal diversity jurisdiction, there must be complete diversity of
22  citizenship between the parties and the amount in controversy must exceed $75,000. 28
23  U.S.C. §1332(a). Where a defendant challenges the plaintiff's allegation as to the amount
24  in controversy, the plaintiff must support the allegation with competent proof. KVOS, Inc.
25  v. Associated Press, 299 U.S. 269, 277-78, 57 S. Ct. 197, 200-01 (1936). Because the
26  defendants have challenged McKnight's allegations regarding the value of her claim, it is
27  McKnight's burden to show that "it does not appear to a legal certainty that her claim is for
28  less than the required amount." United States v. Southern Pac. Transp. Co., 543 F.2d 676,

1  682 (9th Cir. 1976) (citing St. Paul Mercury Indem. Co. v. Red. Cab Co., 303 U.S. 283, 288-
2  89, 58 S. Ct. 586, 590 (1938)).

3  A defendant may attack the existence of subject matter jurisdiction apart from the
4  pleadings, Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (9th Cir. 1977),
5  and we may consider evidence extrinsic to the pleadings to resolve factual disputes relating
6  to jurisdiction, St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). In such case,
7  "no presumptive truthfulness attaches to plaintiff's allegations," and the existence of disputed
8  material facts will not preclude us from evaluating the value of the jurisdictional claim.
9  Mortensen, 549 F.2d at 891.

10  McKnight submits two affidavits to establish the jurisdictional amount in controversy.
11  First, she submits her own affidavit in which she states that, in her opinion, the accrued
12  interest on defendants' late payments under the settlement agreement is "almost $80,000."
13  Response, McKnight affidavit ¶ 3. She then contradicts this statement with an affidavit by
14  a certified public accountant attesting that the remaining amount due under the settlement
15  agreement is approximately $25,000. Finally, she attaches to her response an order from the
16  Nevada state court concluding that TPRC only owes her an additional $1,106.64, plus
17  interest. This evidence is not "competent proof" that the amount in controversy exceeds
18  $75,000. Instead, it appears to a legal certainty that McKnight's claim is really for less than
19  the jurisdictional amount. We reject McKnight's argument that because she seeks return of
20  the TPRC stock, the (unspecified) value of the stock should be included in the amount in
21  controversy calculation. McKnight has failed to present any plausible basis upon which to
22  conclude that defendants' late payments, notwithstanding their otherwise substantial
23  compliance with the settlement agreement, would entitle her to a return of the TPRC stock.

24  **IT IS ORDERED GRANTING** plaintiff's motion to extend the time to file a
25  response (doc. 14). **IT IS FURTHER ORDERED GRANTING** defendants' motion to

26
27
28

1  dismiss for lack of subject matter jurisdiction (doc. 3).  Defendants are awarded their just
2  costs pursuant to 28 U.S.C. § 1919.
3       DATED this 20th day of January, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge